OPINION OF THE COURT
Dan Lamont, J.
Petitioner George M. McCulloch brings this CPLR article 78 proceeding seeking a judgment: (1) annulling the determination of the respondent, the New York State Ethics Commission; that petitioner knowingly and intentionally violated Pub- *547 lie Officers Law § 73 (8) (a) (ii), and/or (2) declaring Public Officers Law § 73 (14) to be unconstitutional and declaring the determination of the respondent null and void.
The respondent has submitted an answer asserting the following objections in point of law: (a) the petition raises a substantial evidence question requiring transfer to the Appellate Division, and (b) the petitioner lacks standing to assert the sixth and seventh claims set forth in the petition. The answer also asserts several affirmative defenses.
BACKGROUND
While an employee of the Tug Hill Commission, a State agency, petitioner prepared a Federal HUD Community Development Block Grant (Grant) application for a wastewater treatment system in the Town of Forestport (Town). The Town was awarded the Grant — which included a $16,000 fee for its administration. While still working for the Tug Hill Commission, the petitioner administered the Grant for the Town until he left State employment in May of 1994.
Petitioner then began work in the private sector as a principal in a firm called the MWD Group. The Town terminated its contract with the Tug Hill Commission with its express agreement, and then hired petitioner to complete the administration of the Grant through his private company. Petitioner agreed to complete the project for $4,500 — the amount then remaining of the $16,000 originally allotted in the Grant for administration fees. Petitioner then completed the administration of the Grant. Petitioner did not appear before or render any services before the Tug Hill Commission or any State agency.
In July of 1998, respondent Ethics Commission received correspondence from the Tug Hill Commission alerting respondent to potential violations of the Public Officers Law regarding the foregoing activities of petitioner. Respondent Ethics Commission investigated the matter and determined that there was reasonable cause to believe that petitioner had violated Public Officers Law § 73 (8) (a) (ii). Specifically, the undisputed facts clearly established that the petitioner had continued to work for the Town for a fee administering the same Grant which he had secured and administered for the Town while employed by the Tug Hill Commission.
The respondent Ethics Commission issued a notice of reasonable cause dated January 27, 1999. The petitioner moved to dismiss the charges, and the respondent filed a cross motion *548 for summary judgment. In a decision dated May 17, 1999, the Hearing Officer denied both of the motions and determined that an appearance before a State agency is not required in order for a former State employee to violate Public Officers Law § 73 (8) (a) (ii). In a decision dated June 28, 1999, the Hearing Officer determined that petitioner “was intimately involved” with the Town’s Grant. The Hearing Officer further found that “it defies common sense to claim that [petitioner’s actions] fail to rise to the level of personal participation” and that petitioner had violated Public Officers Law § 73 (8) (a) (ii).
On September 13, 1999, a hearing was conducted to determine whether a penalty would be imposed. In a decision dated September 20, 1999, the Hearing Officer recommended a sanction of $4,500. In assessing this penalty, the Hearing Officer also determined that the petitioner’s conduct was not wilful. By decision and notice of civil assessment dated October 27, 1999, respondent found petitioner’s conduct knowing and intentional, but modified the penalty downward to $2,000. The petitioner commenced the instant CPLR article 78 proceeding on February 8, 2000.
THE APPLICABLE STATUTE
Public Officers Law § 73 (8) (a), in relevant part, states:
“(i) No person who has served as a state officer or employee shall within a period of two years after the termination of such service or employment appear or practice before such state agency or receive compensation for any services rendered by such former officer or employee on behalf of any person, firm, corporation or association in relation to any case, proceeding or application or other matter before such agency.
“(ii) No person who has served as a state officer or employee shall after the termination of such service or employment appear, practice, communicate or otherwise render services before any state agency or receive compensation for any such services rendered by such former officer or employee on behalf of any person, firm, corporation or other entity in relation to any case, proceeding, application or transaction with respect to which such person was directly concerned and in which he or she personally participated during the period of his or her service or employment, or which was under his or her active consideration.” (Emphasis supplied.)
CONSTRUCTION OF STATUTES
McKinney’s Consolidated Laws of NY, Book 1, Statutes § 92, in part, states:
*549 “a. Generally
“The primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature.
“b. Ascertainment of intention
“The intention of the Legislature is first to be sought from a literal reading of the act itself, but if the meaning is still not clear the intent may be ascertained from such facts and through such rules as may, in connection with the language, legitimately reveal it.”
McKinney’s Consolidated Laws of NY, Book 1, Statutes § 94, in part, states: “The legislative intent is to be ascertained from the words and language used, and the statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction.”
DISCUSSION
This court holds and determines that a literal reading of the statute and its most obvious sense requires that the words “any such services” in clause (ii) be construed as applying to the words “appear, practice, communicate or otherwise render services before any state agency” (Public Officers Law § 73 [8] [a] [ii] [emphasis supplied]; see, McKinney’s Cons Laws of NY, Book 1, Statutes § 254). This interpretation gives the clear language of the statute the plain meaning which it expresses (Temple Marble & Tile v Union Carbide Marble Care, 87 NY2d 574, 580 [1996]). This court also notes that nearly identical language immediately follows the phrase “receive compensation for any services” in clause (i) and the phrase “receive compensation for any such services” in clause (ii), to wit: “rendered by such former officer or employee on behalf of any person, firm, corporation or [(i) association] [(ii) other entity].”
Giving the words within the statute such a literal meaning does not render Public Officers Law § 73 (8) (a) (ii) meaningless. This court holds and determines that clause (i) of such statute restricts a former employee of a State agency from appearing or practicing before such State agency within a period of two years after termination of service — regardless of the subject matter of the appearance; and that clause (ii) of the statute restricts any former employee from practicing or appearing before any State agency for life regarding any matter which was directly related to that person’s former employment. This meaning of the statute, using every part and word thereof, provides a purpose for the words “such services” and *550 clearly does not eviscerate the obvious purpose of clause (i) (see, People v Giordano, 87 NY2d 441, 448 [1995]).
The Court of Appeals in Forti v New York State Ethics Commn. (75 NY2d 596, 605 [1990]) addressed the scope and reach of the new Ethics in Government Act (L 1987, ch 813) containing Public Officers Law § 73 (8). Although the Court of Appeals did not specifically address the issue raised herein, this court finds that the "following excerpt from the decision directly supports this court’s holding: “[T]he duration of the statutory ban on severed executive branch employees practicing before their former agencies on matters in which they were directly involved during their government service was extended to a lifetime disqualification.” (Forti v New York State Ethics Commn., supra, at 606 [emphasis supplied].)
Accordingly, this court holds and determines that Public Officers Law § 73 (8) (a) (ii) does not proscribe or prohibit the conduct of the petitioner at issue because he clearly did not appear or practice before any State agency. The question before the court is one of pure statutory reading and analysis. Therefore, the respondent’s numerous reported decisions submitted in support of its position are not entitled to any deference since there is little basis to rely on any special competence or expertise of the Commission in the interpretation of this statute (see, Seittelman v Sabol, 91 NY2d 618, 625 [1998], citing Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]).
This court recognizes that what petitioner did appears improper and may well be improper and unethical; however, this court holds and determines that what petitioner did is not a violation of Public Officers Law § 73 (8) (a) (ii). Therefore, this court holds and determines that the respondent’s determination is affected by an error of law (CPLR 7803 [3]). Accordingly, the petition should be and the same is hereby granted, and the respondent’s determination dated October 27, 1999 is hereby vacated and annulled.
This memorandum shall constitute both the decision and judgment of the court. All papers, including this decision and judgment, are being returned to the petitioner’s attorney. The signing of this decision and judgment shall not constitute entry or filing under CPLR 2220. Legal counsel are not relieved from the applicable provisions of that section respecting filing, entry and notice of entry.
*551 It is adjudged that the petition is granted and the respondent’s determination dated October 27, 1999 is vacated and annulled.