[728 NYS2d 850]

In the Matter of GEORGE M. McCULLOCH, Respondent, v NEW YORK STATE ETHICS COMMISSION, Appellant.

Third Department, August 9, 2001

## APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General,* Albany (*Richard Rifkin* of counsel), for appellant.

*Roemer, Wallens & Mineaux,* Albany (*Michael A. Greco* of counsel), for respondent.

## OPINION OF THE COURT

LAHTINEN, J.

This appeal presents an issue of first impression regarding the scope of Public Officers Law § 73 (8) (a) (ii)—whether the statute's lifetime prohibition on a former State agency employee's ability to render services that relate to any matter which the individual was directly concerned with and personally participated in while employed by the State is limited to rendering services before an agency or extends to rendering compensated services that do not require the individual to actually appear or practice before an agency.

Petitioner is a former senior planner for the Tug Hill Commission (hereinafter the Commission), an executive agency devoted to regional land-use control (*see,* Executive Law art 37). In that capacity, he prepared an application for a Federal community development block grant on behalf of the Town of Forestport, Oneida County, in 1992, which was subsequently approved by the Federal government and administered by the Commission pursuant to a contract with the Town. Petitioner administered the grant for the Commission until he resigned on May 15, 1994. At that time, 60% of the Forestport project had been completed and $4,500 of the grant remained to complete administrative matters. On June 8, 1994, the Town terminated its contract with the Commission and hired petitioner, through his private company, to administer the remainder of the grant at a cost of $4,500. Petitioner administered the grant until the project was completed in 1995 and was paid accordingly.

In January 1999, respondent issued a notice of reasonable cause alleging that petitioner violated Public Officers Law § 73 (8) (a) (ii) by rendering compensated services in relation to the Forestport grant because it was a transaction that he was directly concerned with and personally participated in while

employed as a senior planner by the Commission. Petitioner subsequently moved to dismiss the notice of reasonable cause, arguing, *inter alia*, that it failed to sufficiently allege a violation of Public Officers Law § 73 (8) (a) (ii) because he did not appear, practice, communicate or otherwise render services before the Commission while administering the grant after he resigned. Respondent cross-moved for summary judgment, arguing, *inter alia*, that the statute prohibits rendering any services, on behalf of any individual or entity, which relate to a matter that a former employee was directly concerned with and personally participated in during State service (1) before the former employing agency or (2) in any setting for compensation. A Hearing Officer thereafter issued a recommendation which concluded that respondent's interpretation was correct, found that petitioner violated the statute and recommended a penalty of $4,500. The Hearing Officer's legal and factual recommendations were subsequently confirmed by respondent, but the penalty was reduced to $2,000.

Petitioner then commenced this CPLR article 78 proceeding seeking, *inter alia*, to annul respondent's determination. Supreme Court concluded that respondent's interpretation of the statute was not entitled to deference and held that petitioner did not violate Public Officers Law § 73 (8) (a) (ii) because he did not appear or practice before any State agency while administering the Forestport grant after he resigned from the Commission (184 Misc 2d 546, 550). Respondent appeals.

Initially, we agree with Supreme Court's conclusion that respondent's interpretation of Public Officers Law § 73 (8) (a) (ii) is not entitled to deference. This appeal presents an issue of pure statutory construction "dependent only on accurate apprehension of legislative intent" (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). Accordingly, "there is little basis to rely on any special competence or expertise of the administrative agency" (*id.*, at 459) and we "are 'free to ascertain the proper interpretation from the statutory language and legislative intent' " (*Seittelman v Sabol*, 91 NY2d 618, 625, quoting *Matter of Gruber [New York City Dept. of Personnel—Sweeney]*, 89 NY2d 225, 231-232).

We begin our analysis of the more pressing issue in this case by reiterating that the "primary consideration * * * in the construction of statutes is to ascertain and give effect to the intention of the Legislature" (McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a]; *see, Temple Marble & Tile v Union*

*Carbide Marble Care,* 87 NY2d 574, 580). To fulfill this mandate, our first task is to read the statute literally (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 92 [b]) and determine whether the language of the statute is unambiguous and clearly expresses the Legislature's intent (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 76; *Matter of Sutka v Conners,* 73 NY2d 395, 403). If so, we must presume that the "intent is reflected in the words chosen by the Legislature and the plain meaning they express" (*Temple Marble & Tile v Union Carbide Marble Care, supra,* at 580; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 94).

Public Officers Law § 73 (8) (a) (ii) provides as follows:

> "No person who has served as a state officer or employee shall after the termination of such service or employment appear, practice, communicate or otherwise render services before any state agency or receive compensation for *any such services* rendered by such former officer or employee on behalf of any person, firm, corporation or other entity in relation to any case, proceeding, application or transaction with respect to which such person was directly concerned and in which he or she personally participated during the period of his or her service or employment, or which was under his or her active consideration" (emphasis supplied).

Notably, we previously explained that subparagraph (ii) "bar[s] permanently former State officers and employees from rendering any services before any State agency or receiving compensation for any services in any matter in which they were personally involved during State service" (*Forti v New York State Ethics Commn.,* 147 AD2d 269, 272, *affd* 75 NY2d 596).* We therefore recognized, without the assistance of interpretative aids, that subparagraph (ii) contains two distinct lifetime prohibitions and that the "before any state agency" requirement does not apply to the second proscription (*see, id.,* at 272). Although the meaning of subparagraph (ii) was not an issue in *Forti* and, therefore, our description is dicta, we have

---

* As originally enacted in 1987 as part of the Ethics in Government Act, subparagraphs (i) and (ii) were grouped together as Public Officers Law § 73 (8) (*see,* L 1987, ch 813, § 2). The provisions were separated and redesignated in their current format in 1995 (*see,* L 1995, ch 299, § 1). Therefore, although cases decided prior to the 1995 amendment and the legislative history do not refer to subparagraph (ii) by that title, they do specifically refer to the language currently contained therein.

reconsidered the "plain and natural import" of the statutory language (*Forti v New York State Ethics Commn.*, 75 NY2d 596, 610) and conclude that our earlier explanation correctly delineates the parameters of Public Officers Law § 73 (8) (a) (ii) and that adoption of Supreme Court's interpretation would violate "the well-established precept that every part of a statute is to be given effect and meaning, and no word may be excised * * * in such a way as to deprive it of meaning and effect" (*Ivey v State of New York*, 80 NY2d 474, 480; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 231).

We note, however, that Supreme Court based its interpretation, in part, on the Court of Appeals' decision affirming our determination in *Forti* (*Forti v New York State Ethics Commn.*, 75 NY2d 596, *supra*). Although Supreme Court acknowledged that "the Court of Appeals did not specifically address the issue raised herein" (184 Misc 2d 546, 550, *supra*), it found "that the following excerpt * * * directly supports" (*id.*, at 550) its interpretation: " '[T]he duration of the statutory ban on severed executive branch employees practicing before their former agencies on matters in which they were directly involved during their government service was extended to a lifetime disqualification' " (*id.*, at 550, quoting *Forti v New York State Ethics Commn.*, 75 NY2d 596, 606, *supra* [emphasis omitted]). This excerpt, however, does not support Supreme Court's interpretation when it is considered in its proper context. The Court of Appeals only mentioned this lifetime prohibition to provide a "contrast" to the significantly shorter duration of the prohibition that applies to certain former legislative employees (*Forti v New York State Ethics Commn., supra,* at 606). Because courts " 'must assume that the Legislature did not deliberately place a phrase in the statute which was intended to serve no purpose' " (*Matter of Rodriguez v Perales*, 86 NY2d 361, 366, quoting *Matter of Smathers*, 309 NY 487, 495) and must avoid an interpretation that " 'result[s] in the nullification of one part of [a statute] by another' " (*Rangolan v County of Nassau*, 96 NY2d 42, 48, quoting *Matter of Albano v Kirby*, 36 NY2d 526, 530), we doubt that the Court of Appeals intended to comprehensively define the parameters of Public Officers Law § 73 (8) (a) in *Forti* or construe subparagraph (ii) in a manner that renders the "or receive compensation for any such services rendered" language superfluous without explaining why that construction is proper.

We also find support for our interpretation when we look beyond the face of the statute to ascertain its true intent (*see,*

McKinney's Cons Laws of NY, Book 1, Statutes § 92 [b]; § 120) and "consider[ ] * * * the general spirit and purpose underlying its enactment, [because] that construction is to be preferred which furthers the object, spirit and purpose of the statute" (McKinney's Cons Laws of NY, Book 1, Statutes § 96; *see, Nestor v McDowell*, 81 NY2d 410, 414). We believe that Supreme Court's interpretation ignores the object, spirit and purpose of Public Officers Law § 73 (8) (a) (i) and (ii) because the court's construction fails to effectuate the Legislature's primary purpose for enacting the statute—to prevent former agency employees from attempting to further their own monetary interest, or the interests of other individuals and entities, by utilizing inside information obtained during State service or asserting undue influence on former colleagues who continue to be employed by the State (*see, Forti v New York State Ethics Commn.*, 75 NY2d 596, 605, *supra*). This is a real and significant concern, whether the matter that the former employee is involved with requires actual appearance before an agency or occurs behind the scenes, which we believe subparagraph (ii) was intentionally designed to address. Indeed, the statutes from which Public Officers Law § 73 (8) (a) is derived prohibited former agency employees from appearing before their agencies or rendering any compensated services in relation to any matter in which they directly participated during such State service (*see*, Public Officers Law former § 73 [4], L 1954, ch 695, § 1; Public Officers Law former § 73 [8], as amended by L 1987, ch 813, § 2; *see also, Forti v New York State Ethics Commn.*, 147 AD2d 269, 272, *supra*) and nothing in the legislative history of the 1987 amendment explicitly indicates that the Legislature intended to restrict the scope of those proscriptions (*see generally*, McKinney's Cons Laws of NY, Book 1, Statutes § 192). We therefore choose the "construction [of subparagraph (ii)] * * * which furthers the statute's object, spirit and purpose" (*Price v Price*, 69 NY2d 8, 16; *see, Nestor v McDowell, supra*, at 414).

The legislative history of Public Officers Law § 73 (8) (a) provides additional support for our interpretation. For example, the Governor's memorandum in support of the statute notes that subparagraph (ii) prohibits "State officers and employees * * * from ever appearing, practicing, communicating or otherwise rendering services in relation to matters in which the employee was directly concerned and personally participated" (Governor's Program Bill Mem, Bill Jacket, L 1987, ch 813, at 7). Similarly, the Senate's budget report states that

subparagraph (ii) "permanently bars State employees who leave government service from later private employment in connection with transactions on which they worked while in State service" (Budget Report on Bills, Bill Jacket, L 1987, ch 813, at 11). These sources clearly indicate that the phrase "any such services" was not intended to limit the applicability of the prohibition against rendering compensated services to actual appearances before the former employing agency.

Lastly, the overall structure of Public Officers Law § 73 (8) (a) (i), (ii) and (iii) confirms our reading of the legislative history. Our interpretation of the second portion of subparagraph (i) proscribes the receipt of compensation for rendering services in connection with a matter that is pending before an agency, even if such services are not actually rendered before the agency (see, Public Officers Law § 73 [8] [a] [i]; *Forti v New York State Ethics Commn.*, 147 AD2d 269, 272, *supra*). Similarly, subparagraph (iii), which applies to former members of the Legislature, prohibits receiving compensation for providing any service that promotes or opposes the passage of legislation, even if those services are not rendered before the Legislature (see, Public Officers Law § 73 [8] [a] [iii]). Because subparagraph (ii)'s sister provisions prohibit certain compensated services without regard to where they are rendered, we believe that it is reasonable to assume that the Legislature intended to impose a similar restriction in subparagraph (ii).

Therefore, in light of the plain language, general purpose and structure of the statute, the activities that the Legislature intended to restrict and the unreasonableness of Supreme Court's interpretation, we hold that Public Officers Law § 73 (8) (a) (ii) forever bars former State agency officers and employees from (1) rendering services on behalf of any individual or entity before any agency which relate to any matter the individual was directly involved with and personally participated in during the term of State service and (2) rendering compensated services on behalf of any individual or entity in any setting which relate to any matter the individual was directly involved with and personally participated in during the term of State service (see, *Forti v New York State Ethics Commn.*, 147 AD2d 269, 272, *supra*). Consequently, Supreme Court erroneously concluded that respondent's determination is affected by an error of law (see, CPLR 7803 [3]). Furthermore, substantial evidence supports respondent's conclusion that petitioner, through his company, began to render compensated services

for the Town of Forestport by administering the Town's block grant—which petitioner personally administered and with which he was directly concerned while employed by the Commission—less than one month after he resigned and thereby engaged in conduct prohibited by Public Officers Law § 73 (8) (a) (ii) (*see*, CPLR 7803 [4]). The fact that petitioner did not render services before the Commission is irrelevant.

We have reviewed petitioner's remaining contentions, conclude that they lack merit and therefore dismiss the petition.

MERCURE, J. P., PETERS, CARPINELLO and MUGGLIN, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.