■ N.Y.A.A.D., INC., Doing Business as AUTOMOTIVE RECYCLERS' ASSOCIATION OF NEW YORK, et al., Respondents, v STATE OF NEW YORK et al., Appellants. [749 NYS2d 306] —Rose, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 11, 2001 in Albany County, which, inter alia, granted plaintiffs' cross motion for summary judgment.

Although incidental to its goal of deterring theft and fraud (*see* Senate Mem, 1996 McKinney's Session Laws of NY, at 2140), the 1996 Airbag Safety and Anti-theft Act (hereinafter the Act) affords motor vehicle owners the option of replacing deployed or stolen airbags with ones salvaged by a duly registered vehicle dismantler (*see* L 1996, ch 161, § 5 [6] [b]-[e]; Vehicle and Traffic Law § 415-a). To assure the quality of such replacements, however, the Act provides that, beginning on March 1, 1998, no salvaged airbag may serve as a replacement unless it is certified according to "standards established by a nationally recognized testing, engineering and research body" approved by defendant Commissioner of Motor Vehicles (hereinafter the Commissioner) (*see* L 1996, ch 161, § 5 [6] [c], [e]; § 8). It is undisputed that there was no such body in existence at the time. This deadline was later extended to March 1999, but there still was no nationally recognized testing body that had established any such standards and, accordingly, no such airbag certification standards were approved when plaintiffs, who are vehicle dismantlers and recyclers, commenced this declaratory judgment action seeking, inter alia, to invalidate the Act's restriction on the use of salvaged airbags. Construing the Act's effective date clause to make the Commissioner's failure to approve standards or to promulgate regulations implementing them an unsatisfied condition precedent, Supreme Court denied defendants' motion for summary judgment and granted plaintiffs' cross motion for summary judgment nullifying the Act. Defendants appeal.

The Act's effective date clause states that it would "take effect immediately, provided, that * * * the [C]ommissioner * * * shall promulgate such rules and regulations as are necessary to implement the provisions of this [A]ct on or before January 1, 1997" (L 1996, ch 161, § 11). Defendants argue that since the Legislature did not intend to allow salvaged airbags to serve as replacements without proper certification, Supreme Court erred in ruling that the Act's prohibition against the use of uncertified airbags was conditioned on the Commissioner's promulgation of regulations concerning airbag certification. We agree and, therefore, reverse.

Our " 'primary consideration * * * is to ascertain and give effect to the intention of the Legislature' " (*Matter of McCulloch v New York State Ethics Commn.*, 285 AD2d 236, 238-239, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a]), whether expressed in the plain meaning of the statutory language at issue or its legislative history (*see Matter of Wise v Jennings*, 290 AD2d 702, 703, *lv denied* 97 NY2d 612). In doing so, "[n]o part of an original act or an amendment thereto is to be held inoperative, if another construction will not conflict with the plain import of the language used" (McKinney's Cons Laws of NY, Book 1, Statutes § 144, at 292, 293; *see Matter of Staruch v New York Tel. Co.*, 277 AD2d 830, 832, *lv dismissed, lv denied* 96 NY2d 852).

Here, the Act's language clearly expresses the Legislature's intent that, on and after March 1, 1998 (later amended to March 1, 1999), "in no case shall any inflatable restraint system be replaced with anything other than a newly manufactured inflatable restraint system or a salvaged inflatable restraint system certified according to standards established by a nationally recognized testing, engineering and research body" (L 1996, ch 161, § 5 [6] [e]), which in turn has been "approved by the [C]ommissioner * * * in consultation with the superintendent of insurance" (L 1996, ch 161, § 8). The Act's legislative history also reflects this intent in the statement that "after March 1, 1998, only salvage systems which have been certified as safe and appropriate for reinstallation may be sold according to the requirements set forth in this bill" (Senate Mem, 1996 McKinney's Session Laws of NY, at 2141). This prohibition is essential to the Act's primary purpose of discouraging airbag theft and repair shop fraud (*see* Mem of Senator Guy J. Velella, 1996 NY Legis Ann, at 131-132).

Even though the Act's substantive provisions contemplate only that the Commissioner would approve a national testing body (*see* L 1996, ch 161, § 8), Supreme Court's decision

construed the effective date clause to also require "the promulgation of rules or regulations to implement the certification standards described in section 8." The effective date clause, however, includes no such provision, requiring only that the Commissioner "promulgate such rules and regulations as are necessary to implement the provisions of this [A]ct" (L 1996, ch 161, § 11). Since the requirement inferred by Supreme Court was not "expressed clearly and unequivocally" (*35 Park Ave. Corp. v Campagna*, 48 NY2d 813, 815; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 212, at 371), we conclude that the Act's effective date clause should not be read to make such regulations a condition precedent, thereby eviscerating the statute's intent (*see Riley v County of Broome*, 263 AD2d 267, 270, *affd* 95 NY2d 455; *Pardi v Barone*, 257 AD2d 42, 44; *see generally* McKinney's Cons Laws of NY, Book 1, Statutes § 111). Accordingly, we reverse and grant defendants' motion for summary judgment dismissing the complaint.

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, plaintiffs' cross motion denied, defendants' motion granted, summary judgment awarded to defendants and complaint dismissed.