█ In the Matter of LONG ISLAND RAILROAD COMPANY, Petitioner, v THOMAS J. MADISON, as Commissioner of Transportation, et al., Respondents. [828 NYS2d 650]—

Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Transportation which, inter alia, designated a certain railroad crossing as a farm crossing within the meaning of Railroad Law § 52.

Petitioner is a public benefit corporation and a wholly owned subsidiary of the Metropolitan Transportation Authority (hereinafter MTA). Respondent Peat & Son, Corp. owns and operates a wholesale nursery business in the Town of Southampton, Suffolk County. Peat owns real property on either side of petitioner's railroad track. Citing safety concerns, petitioner decided to close a railroad crossing which provided access from Peat's southern parcel to its northern parcel. Peat has no legal means of access to its northern parcel without using that crossing, which the business has used for many years. To prevent petitioner from closing the crossing, Peat requested that respondent Department of Transportation (hereinafter DOT) designate a private railroad crossing and require alterations to ensure the safety of people crossing the tracks at that point (*see* Railroad Law § 97-a). Following a hearing, DOT designated the crossing a farm crossing and directed petitioner to install appropriate grade crossing warning devices, with the cost allocation to be determined between Peat and petitioner. Petitioner commenced this proceeding to set aside DOT's determination.

We disagree with petitioner's contention that DOT had no authority or jurisdiction to issue a determination against petitioner. The Metropolitan Transportation Authority Act granted the MTA and its subsidiaries immunity from DOT's power, supervision and jurisdiction under the Transportation Law (*see* Public Authorities Law § 1266 [5], [8]). While the Second Department held, prior to amendments shifting authority over railroads from the Public Service Commission (hereinafter PSC) to DOT, that Public Authorities Law § 1266 rendered MTA completely exempt from PSC's supervision even as exercised under the Railroad Law (*see* *Long Is. R.R. Co. v Public Serv. Commn. of State of N.Y.*, 30 AD2d 409, 411 [1968], *affd* 23 NY2d 852 [1969]), that decision is not dispositive here. The Legislature has since amended the Railroad Law, specifically including the MTA and petitioner under the definition of railroads governed by certain sections (*see* Railroad Law § 97 [1] [e]; § 97-a [1] [d]).

Railroad Law § 97-a (3) (a) gives DOT the authority to render determinations regarding alterations of private railroad crossings, including farm crossings, and to determine the apportionment of responsibilities and costs for alterations, including warning devices. Petitioner's argument that DOT does not have jurisdiction is curious in light of the legislative history of Railroad Law § 97-a, which contains a letter from MTA's then-deputy executive director noting that MTA assisted in the development of this legislation and supporting the grant of jurisdiction to DOT over the MTA and petitioner for the specific purpose at issue here (*see* MTA Letter in Support, July 16, 2002, Bill Jacket, L 2002, ch 230, at 19-20). Despite the general grant of immunity and limit of DOT's authority over petitioner found in Public Authorities Law § 1266, the determination at issue here was specifically authorized under Railroad Law § 97-a.

Petitioner's argument that DOT improperly distributed the costs and responsibilities of the ordered alterations, including warning devices, is premature. DOT, having determined that a safety issue exists, merely ordered petitioner to handle the installation of such devices as it is in a better position to do so than a private landowner. DOT further ordered petitioner and Peat to reach an agreement apportioning responsibilities and costs for installation and maintenance of warning devices, with DOT reserving the right to make a determination assigning a portion of the costs to Peat if the parties could not reach an agreement on their own. The Legislature required DOT to promulgate standards and regulations for rail crossings in consultation with MTA, including guidelines for allocating costs and responsibilities which recognize that the private interests seeking use of a crossing will generally be responsible for such costs (*see* Railroad Law § 97-a [4]); DOT has not done so. Despite DOT's failure in this regard, enactment of these regulations is not a condition precedent to DOT's authority to otherwise exercise its statutory duties in this area (*compare* Railroad Law § 97-a [4] *with* Railroad Law § 97-a [3] [a]; *cf. N.Y.A.A.D., Inc. v State of New York*, 298 AD2d 741, 743 [2002], *mod* 1 NY3d 245 [2003]).

Finally, we find sufficient evidence to support DOT's determination that the crossing at issue qualified as a farm crossing for Peat's business (*see* Railroad Law § 52).

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.