■ In the Matter of B. MANZO & SON, INC., Appellant-Respondent, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents-Appellants. [727 NYS2d 173] —In a proceeding pursuant to CPLR article 78 to prohibit the New York State Department of Environmental Conservation and John P. Cahill, as Commissioner, from sealing, securing, closing, or otherwise interfering with the operation of a solid waste transfer station by the petitioner B. Manzo & Son, Inc., the petitioner appeals, by permission, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated March 10, 2000, as dismissed the petition and granted that branch of the cross petition of the New York State Department of Environmental Conservation and John P. Cahill, as Commissioner, which was to enjoin the petitioner from operating a solid waste transfer station. The New York State Department of Environmental Conservation and John P. Cahill, as Commissioner, cross-appeal from so much of the same order as denied that branch of their cross petition which was to impose statutory civil penalties.

Ordered that on the court's own motion, the notice of cross appeal of the New York State Department of Environmental Conservation and John P. Cahill, as Commissioner, is treated as an application for leave to appeal, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order modified, as a matter of discretion in the interest of justice, by deleting the provision thereof denying that branch of the cross petition of the New York State Department of Environmental Conservation and John P. Cahill, as Commissioner, which was to impose statutory civil penalties against the petitioner, and substituting therefor a provision granting that branch of the cross petition; as so modified, the order is affirmed, with costs to the New York State Department of Environmental Conservation and John P. Cahill, as Commissioner, and the matter is remitted to the Supreme Court, Richmond County, to determine the amount of statutory civil penalties to be imposed.

In light of the petitioner's repeated failures to comply with the terms of a 1989 consent order, as extended through March 1999, pursuant to which the petitioner was conditionally permitted to operate its solid waste transfer station, the Supreme Court properly upheld the determination of the New York State Department of Environmental Conservation (hereinafter the DEC) which declined to further extend the consent order and ordering the closure of the facility (see, ECL 71-2703; *Matter of Eastern Transfer v Cahill,* 268 AD2d 131). The petitioner's contentions to the contrary are without merit.

Moreover, we agree with the DEC that the Supreme Court erred in denying that branch of the cross petition which was to impose civil penalties pursuant to ECL 71-2703 (1) and (3). The petitioner's conduct has been egregious. It commenced operation without first obtaining a solid waste transfer station permit. When confronted by the DEC, the petitioner engaged in a decade-long course of delay resulting in the issuance of temporary, conditional, operating permits despite its repeated and clearly deliberate failures to satisfy the conditions of those permits. Moreover, the petitioner continued to operate its facility after it was notified of the determination of the DEC not to renew its extended temporary authority. Thus, the DEC has clearly demonstrated that civil penalties are warranted, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings to determine the appropriate number and amount of penalties to be imposed for each relevant violation (see, ECL 71-2703 [1] [a]; [3]).

Notwithstanding all of the above, we note with disfavor that

the DEC has been far from diligent in permitting the continued operation of the petitioner's solid waste transfer station from 1985 to 1999 in the absence of a final permit, and in spite of the petitioner's failure to comply with requirements deemed essential to the protection of the environment. Ritter, J. P., S. Miller, McGinity and Townes, JJ., concur.