■ In the Matter of WILLIAM WISE, Individually and as President and on Behalf of the ALBANY PERMANENT PROFESSIONAL FIREFIGHTERS RETIREES' ASSOCIATION, Appellant, v GERALD JENNINGS, as Mayor of the City of Albany, et al., Respondents. [736 NYS2d 171] —Peters, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered May 17, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78 to, inter alia, prohibit respondent City of Albany from deducting certain amounts from the supplemental income benefits paid to petitioner.

Petitioner is a retired City of Albany firefighter and is President of the Albany Permanent Professional Firefighters Retirees' Association (hereinafter the Association). For purposes of this proceeding, the Association represents 65 retired city firefighters who have been permanently disabled as a result of injuries suffered in the line of duty. Pursuant to the Retirement and Social Security Law, firefighters permanently disabled from on-the-job injuries receive pension benefits from the State, paid as a percentage of their average salary at the time of their retirement from service (*see*, Retirement and Social Security Law §§ 363, 363-c). Up and until the time that said firefighters reach the age of mandatory retirement, the fire district or municipality for which they worked at the time of their injury is obligated to pay "*the difference* between the amounts received under such allowance or pension and the amount of [a firefighter's] regular salary or wages" (General Municipal Law § 207-a [2] [emphasis supplied]). All former firefighters represented in this proceeding are eligible for, and presently receive, state pension benefits and supplemental income from the City pursuant to this statutory scheme.

Effective July 11, 2000, the Legislature implemented an automatic cost of living adjustment (hereinafter COLA) to be made available to those firefighters, such as the Association's members, receiving state pension benefits (*see*, Retirement and Social Security Law § 378-a). In response to the increase in pension benefit payments, the City notified the Association's members that their supplemental income payments would be

recomputed to reflect the increase received as a result of the COLA adjustment.

Petitioner, acting individually and on behalf of the Association, commenced this proceeding pursuant to CPLR article 78 seeking to, inter alia, enjoin respondents from withholding that portion of the supplemental income payments which is equal to the COLA increase. Supreme Court dismissed the petition, prompting this appeal.

Pursuant to the mandates of General Municipal Law § 207-a, the City is required to pay disabled firefighters the difference between their disability retirement allowance and that amount of regular base salary which would be received by an active firefighter of similar position and rank; these amounts must also include subsequent increases in salary, along with longevity payments negotiated by active firefighters through collective bargaining (*see, Matter of Mashnouk v Miles*, 55 NY2d 80, 84). "General Municipal Law [§ 207-a] was intended only to affect the source, not the amount, of payments made to disabled fire fighters" (*id.*, at 88).

As "[i]t is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature * * * and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [citations omitted]), we first review the statutory language which promulgated the COLA adjustment. Defined as "a percentage of the annual retirement allowance otherwise payable" (Retirement and Social Security Law § 378-a [b]), Retirement and Social Security Law § 378-a mandates that such payments be made to "(i) all pensioners who have attained age sixty-two and have been retired for five years; (ii) all pensioners who have attained age fifty-five and have been retired for ten years; and (iii) all disability pensioners regardless of age who have been retired for five years" (Retirement and Social Security Law § 378-a [a]). Its legislative history evinces that there was a clear policy directive to offset the negative effects of inflation experienced by public retirees whose pensions eroded as a result of annual increases in the cost of living without commensurate increases in benefits.

As a clear pension supplement, we agree that since the payment of the adjustment is dependent upon the right to receive a disability retirement allowance, the COLA adjustment must be found to be generated through that income stream. With General Municipal Law § 207-a permitting the City to supple-

ment only the *"difference* between the amounts received under such allowance or pension and the amount of [the firefighters'] regular salary or wages" (General Municipal Law § 207-a [2] [emphasis supplied]), the deduction of the COLA adjustment was proper. As this determination is consistent with the underpinnings of General Municipal Law § 207-a, which is to ensure that permanently disabled firefighters receive an amount equal to that of active firefighters of the same position and rank with only the income source and not the amount effected, we can find no error.

In reaching our conclusion, we acknowledge the contrary determination rendered in *Matter of Farber v City of Utica* (282 AD2d 39, *lv granted* 96 NY2d 720), but decline to adopt its reasoning. We await the scheduled review of this matter by the Court of Appeals, unless this issue is preempted by legislative amendment.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.