■ Anat Fintzi, an Infant, by Her Father and Natural Guardian, Ariel Fintzi, et al., Appellants, v Riverdale Riding Corporation, Doing Business as Riverdale Equestrian Centre, et al., Respondents. [819 NYS2d 919]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered March 21, 2005, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 10, 2005, which denied plaintiffs' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

The IAS court properly dismissed all of plaintiffs' causes of

action, including separate causes of action for common-law negligence and negligent supervision, since the record does not raise an issue of fact regarding the horse's dangerous or unpredictable proclivities. Both deponents familiar with the horse described him as "very steady and passive," "sedentary" and "very sweet and quiet" (see Collier v Zambito, 1 NY3d 444 [2004]; see also Bard v Jahnke, 6 NY3d 592, 596-597 [2006]; Wardrop v Koerner, 208 AD2d 1147 [1994]), and there is no credible indication that this rider had been unable to control the horse prior to the subject incident.

Even without evidence of unpredictable propensities, plaintiffs were able to pursue the case on a theory of negligence (see Schwartz v Armand Erpf Estate, 255 AD2d 35, 37 [1999], lv dismissed 94 NY2d 796 [1999]; see also Restatement [Second] of Torts § 518). However, plaintiffs failed to identify a distinct act that defendants should have done or refrained from doing under the circumstances to protect the infant plaintiff, or some distinct, enhanced duty that was violated (see Schwartz, 255 AD2d at 38). Further, all of the alleged flaws cited regarding defendant Mannone's instruction were relevant only if the intention was for the infant plaintiff to learn to manage a faster, more unruly horse, and in any event, only if they were the "substantial" or "proximate cause" of Anat's injury (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]; Tanon v Eppler, 5 AD3d 667, 668 [2004]). Here, while defendant instructor Mannone was attentive and within a reasonable distance of the student rider (cf. Lipari v Babylon Riding Ctr., Inc., 18 AD3d 824 [2005]), the accident nonetheless occurred "in so short a span of time that even the most intense supervision could not have prevented it" (Convey v City of Rye School Dist., 271 AD2d 154, 160 [2000]).

The court properly characterized the renewal/reargument motion as one simply to reargue since, as plaintiffs concede, the new cases they adduced merely reiterated existing case law (CPLR 2221 [e]; Amankwa v New York City Hous. Auth., 224 AD2d 262 [1996]). Concur—Mazzarelli, J.P., Andrias, Nardelli, Gonzalez and Malone, JJ.