■ FABRICIO IVAN HERNANDEZ CASTILLO et al., Plaintiffs, v PRINCE PLAZA, LLC, Defendant/Third-Party Plaintiff-Respon-

dent. CENTURY SURETY COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [38 NYS3d 74]—

In an action to recover damages for personal injuries, etc., and a third-party action, inter alia, for a judgment declaring that the third-party defendant Century Surety Company is obligated to defend and indemnify the defendant/third-party plaintiff, Prince Plaza, LLC, in the main action, the third-party defendant Century Surety Company appeals from an order of the Supreme Court, Kings County (Walker, J.), dated March 3, 2014, which denied its motion for summary judgment dismissing the third-party complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced the main action against Prince Plaza, LLC (hereinafter Prince Plaza), to recover damages for personal injuries. In an order dated January 9, 2012 (hereinafter the January order), the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against Prince Plaza upon its failure to appear or answer the complaint. According to Prince Plaza, it did not know about the main action until February 24, 2012, when it received a copy of the January order. On February 28, 2012, Prince Plaza forwarded the summons, complaint, and the January order to its insurer, the third-party defendant Century Surety Company (hereinafter Century). Century disclaimed coverage on the ground that it was not provided with timely notice of the action, as required by the subject insurance policy.

By so-ordered stipulation dated June 11, 2012, Prince Plaza's default was vacated and the case restored to the active calendar. In September 2012, Prince Plaza commenced a third-party action seeking a judgment declaring that Century was obligated to defend and indemnify it in the main action. In September 2013, Century moved for summary judgment dismissing the third-party complaint insofar as asserted against it. Century contended that Insurance Law § 3420 (c) (2) (B) created an irrebuttable presumption of prejudice in Century's favor since Prince Plaza did not provide Century with notice of the occurrence or main action until after a default judgment had already been entered against Prince Plaza. In the alternative, Century contended that Insurance Law § 3420 (c) (2) (A) created a presumption in Century's favor since Century did not receive notice of the underlying accident until more than two years after it occurred. The Supreme Court denied Century's motion, and Century appeals.

"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (*Patrolmen's Benevolent Assn. of City of N.Y. v City of New York*, 41 NY2d 205, 208 [1976] [citations omitted]; *see Matter of Judge Rotenberg Educ. Ctr. v Maul*, 91 NY2d 298, 303 [1998]; *Matter of Wise v Jennings*, 290 AD2d 702, 703 [2002]). Insurance Law § 3420 (c) (2) (B) provides, in pertinent part, that "an irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction or by binding arbitration; or if the insured has resolved the claim or suit by settlement or other compromise."

Here, contrary to Century's contention, based on the plain language of Insurance Law § 3420 (c) (2) (B), an irrebuttable presumption of prejudice did not apply in this case. Although a default judgment was previously entered in the main action against Prince Plaza, the default judgment was vacated more than a year before Century raised Insurance Law § 3420 (c) (2) (B) as a ground upon which it was not obligated to defend and indemnify Prince Plaza. Thus, the Supreme Court correctly determined that Prince Plaza's liability had not actually been "determined" by a "court of competent jurisdiction or by binding arbitration" (Insurance Law § 3420 [c] [2] [B]; *cf. Matter of Sportsfield Specialities Inc. v Twin City Fire Ins. Co.*, 45 Misc 3d 1201[A], 2012 NY Slip Op 52509[U] [Sup Ct, Delaware County 2012]). The plain intent and purpose of Insurance Law § 3420 (c) (2) (B), which is to prevent insurers which have continuously collected premiums to disclaim coverage based upon an inconsequential technicality, would be defeated if Century were allowed to disclaim coverage under the circumstances herein (*see* Insurance Law § 3420 [c] [2] [B]; Bill Jacket, L 2008, ch 388).

Further, the Supreme Court correctly determined that, under the circumstances present here, it was Century's burden to prove that it was actually prejudiced by Prince Plaza's untimely notice of the subject claim, and Century failed to meet that burden. Insurance Law § 3420 (c) (2) (A) provides, in pertinent part, that "[i]n any action in which an insurer alleges that it was prejudiced as a result of a failure to provide timely notice, the burden of proof shall be on . . . the insurer to prove that it has been prejudiced, if the notice was provided within two years of the time required under the policy" (Insurance Law § 3420 [c] [2] [A] [i]).

Here, the subject policy required that notice of the occurrence and/or lawsuit be provided to Century "as soon as practicable." "Where an insurance policy requires that notice of an occurrence be given 'as soon as practicable,' notice must be given within a reasonable time in view of all of the circumstances" (*AH Prop., LLC v New Hampshire Ins. Co.*, 95 AD3d 1243, 1244 [2012] [internal quotation marks and citations omitted]; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). The underlying accident occurred on August 26, 2009, at a construction site on premises owned by Prince Plaza, the insured. However, Prince Plaza was unaware of the accident because it was not present at the site and it was not informed of the accident by its general contractor or the injured plaintiff. The summons and complaint in the main action were served on Prince Plaza through the Secretary of State on or about August 26, 2011, but because Prince Plaza had failed to notify the Secretary of State of its new address, it did not receive a copy of the summons and complaint and did not initially appear in the main action. Thus, in the January order, the Supreme Court granted the plaintiffs' motion for leave to enter a default judgment against Prince Plaza, which later received a copy of the January order on February 24, 2012. Upon receipt of the January order, Prince Plaza promptly notified Century of the accident and lawsuit, and this notice was received by Century on March 2, 2012.

Although Prince Plaza improperly failed to update its address with the Secretary of State (*cf. Briggs Ave. LLC v Insurance Corp. of Hannover*, 11 NY3d 377 [2008]), even imputing knowledge of the accident to Prince Plaza as of the date that the summons and complaint were served on the Secretary of State, Prince Plaza would not have learned of this lawsuit until August 26, 2011. Century received notice of the occurrence and lawsuit less than two years after that date. Therefore, pursuant to Insurance Law § 3420 (c) (2) (A), it was Century's burden to prove that it was prejudiced by the delay in receiving notice. On this record, Century failed to prove that it was prejudiced by the delay in receiving notice.

Accordingly, the Supreme Court properly denied Century's motion for summary judgment. Hall, J.P., Austin, Miller and Maltese, JJ., concur. 