OPINION OF THE COURT
Jill Konviser, J.
At 10:15 a.m. on September 30, 2013 on Third Avenue near East 28th Street in Manhattan, the defendant forcibly shoved a 41-year-old hearing-impaired woman into the wall of a building. The woman, who was suffering from multiple sclerosis, and who had been walking with a cane and service dog, crashed to the sidewalk as the defendant attempted to wrest the cane from her hand. As the woman lay on the pavement, the defendant stood over her, exposed his penis, and ordered her to “suck it, suck my dick.” The defendant was indicted for his conduct and subsequently entered a plea of guilty to attempted robbery in the second degree as a sexually motivated felony, in full satisfaction of the nine-count indictment pending against him. On April 1, 2014, the defendant was sentenced as a second felony offender to a determinate term of imprisonment of three years to be followed by five years’ postrelease supervision.[2]
Shortly before the defendant’s release from state prison in this case, he moved to preclude the then-pending Sex Offender Registration Act (SORA) risk level determination hearing, contending that the crime for which he was convicted— attempted robbery in the second degree as a sexually motivated felony—does not constitute a “sex offense” for which registration under SORA is required. The People opposed the defendant’s motion, arguing that any individual convicted of a sexually motivated felony must register as a sex offender. Based on the myriad papers filed by the parties over the course of several months and for the reasons that follow, the defendant’s motion is granted.
To begin, while the defendant’s motion relates specifically to a provision of SORA, the current incarnation of the statute is a result of amendments made to it in 2007 by the Sex Offender Management and Treatment Act (hereinafter SOMTA). The instant analysis must, therefore, begin with SOMTA. SOMTA “establish[ed] comprehensive reforms to enhance public safety” creating, inter alia, a new category of crime, “Sexually Motivated Felony.” (See Senate Introducer Mem in Support, *754 Bill Jacket, L 2007, ch 7 at 15.) To be sure, the intent of the new law, as articulated in the Introducer’s Memorandum, is clear—to protect the public from sex offenders by requiring individuals convicted of this new category of crime to be registered under SORA. (Id.) Indeed, according to the aforementioned Introducer’s Memorandum, section 22 of SOMTA “amends the list of registerable crimes [under SORA] so that a defendant convicted of a Sexually Motivated Felony [is] required to register [as a sex offender].” (Id. at 16.) In so doing, the legislature added to the list of offenders who must register, those offenders convicted of certain nonsexual offenses that, nonetheless, bear the mark of a sex offense by the manner in which they are committed. Although the Introducer’s Memorandum makes plain that the purpose of SOMTA was to cast a wider net and expand the number of sex offenders required to register under SORA, a careful reading of the amended statute reveals SOMTA may have missed its intended mark. Indeed, SORA was amended to read, inter alia,
“(a) (i) a conviction of or a conviction for an attempt to commit any of the provisions of sections 120.70, 130.20, 130.25, 130.30, 130.40, 130.45, 130.60, 230.34, 250.50, 255.25, 255.26 and 255.27 or article two hundred sixty-three of the penal law, or section 135.05, 135.10, 135.20 or 135.25 of such law relating to kidnapping offenses, provided the victim of such kidnapping or related offense is less than seventeen years old and the offender is not the parent of the victim, or section 230.04, where the person patronized is in fact less than seventeen years of age, 230.05 or 230.06, or subdivision two of section 230.30, or section 230.32 or 230.33 of the penal law, or (ii) a conviction of or a conviction for an attempt to commit any of the provisions of section 235.22 of the penal law, or (iii) a conviction of or a conviction for an attempt to commit any provisions of the foregoing sections committed or attempted as a hate crime defined in section 485.05 of the penal law or as a crime of terrorism defined in section 490.25 of such law or as a sexually motivated felony defined in section 130.91 of such law.” (Correction Law § 168-a [2] [emphasis added].)
The absence of a critical grammatical signpost, a parenthetical number preceding “as a sexually motivated felony,” seemingly limits the qualifying sexually motivated felony offenses only to *755 those enumerated in subparagraphs (i) and (ii). By omitting a “(iv)” before the term “sexually motivated felony” in SORA, the term appears to be modified by the “foregoing sections,” thus excluding attempted robbery in the second degree (among other sexually motivated offenses) from the registration requirements under the statute—not likely the result the legislature intended, as many of the offenses enumerated in subparagraphs (i) and (ii) are sex offenses and already registerable. It is difficult to fathom that the legislature amended SORA to require already registerable sex offenders to register under SORA— this tautologic redundancy seems pointless. It is equally difficult to fathom that the legislature purposefully omitted the type of conduct the defendant committed here—attacking a woman with physical disabilities and demanding that she “suck his dick” as she lay on the ground immobilized—from the mandates of SORA. While the legislature seemingly intended to require registration for all sexually motivated felonies, that is simply not what the language of the amended statute conveys. This court is constrained, therefore, to find that, on its face, SORA does not include attempted robbery in the second degree as a sexually motivated felony. Thus, unless and until the statute is amended, the defendant need not register as a sex offender in connection with this matter.
Accordingly, the defendant’s motion to preclude the SORA risk level determination hearing is granted.[3]

. The defendant had four prior felony convictions at the time, including failure to report as a sex offender, and 30 prior misdemeanor convictions including, forcible touching.

. The court’s decision, however, does not affect the defendant’s prior adjudication as a level three sex offender in connection with an earlier, unrelated conviction.