Appeals from (1) an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered December 11, 2014, and (2) an order of that court entered December 24, 2015. The order entered December 11, 2014, granted the plaintiffs’ motion for summary judgment on their causes of action for a declaratory judgment and to recover damages for breach of contract, with damages limited to those incurred on or after April 12, 2004. The order entered December 24, 2015, denied the defendants’ motion, denominated as one for leave to renew, but which was, in actuality, a motion for leave to reargue those branches of their motion which were pursuant to CPLR 3211 (a) (5) to dismiss the causes of action for a declaratory judgment and to recover damages for breach of contract, which were denied in an order of the same court dated May 11, 2011.
 

 Ordered that the appeal from the order entered December 24, 2015, is dismissed, as no appeal lies from an order denying reargument; and it is further,
 

 Ordered that the order entered December 11, 2014, is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiffs; and it is further,
 

 Ordered that the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendants are not authorized to require the plaintiffs to pay any portion of the cost of the health insurance coverage provided to them by the defendant County of Nassau and directing the defendants to reimburse the plaintiffs for any such payment made by the plaintiffs on or after April 12, 2004.
 

 The plaintiffs worked at the Office of the Nassau County Attorney from 2002 or 2003 until 2009. Prior to that employment, they all had extensive public employment with the City of New York or with the State of New York. They commenced this action alleging that, pursuant to Nassau County Ordinance No. 543-1995, they had been wrongly charged contributions to their health insurance premiums. They sought a refund of contributions paid by them, and a declaration, inter alia, that they were entitled to receive health insurance coverage without contributions to the cost of premiums. The plaintiffs moved for summary judgment on the declaratory judgment and breach of contract causes of action. The Supreme Court granted the motion, subject to a limitation on damages to those incurred on or after April 12, 2004, as conceded by the plaintiffs. The defendants appeal from the order granting the plaintiffs’ motion, and from a subsequent order which denied their motion, denominated as one for leave to renew, but which was, in actuality, one for leave to reargue those branches of their prior motion which were pursuant to CPLR 3211 (a) (5) to dismiss the causes of action for a declaratory judgment and to recover damages for breach of contract, which were denied in an order of the same court dated May 11, 2011.
 

 “When presented with a question of statutory interpretation, [the] primary consideration ‘is to ascertain and give effect to the intention of the Legislature’ ” (Matter of DaimlerChrysler Corp. v Spitzer, 7 NY3d 653, 660 [2006], quoting Riley v County of Broome, 95 NY2d 455, 463 [2000]). Courts must first look to a statute’s “plain language, as that represents the most compelling evidence of the Legislature’s intent” (Matter of Tompkins County Support Collection Unit v Chamberlin, 99 NY2d 328, 335 [2003]). “When a statute is ambiguous and requires interpretation, the construction given to the statute by an administrative agency responsible for its administration should be upheld by the courts, unless the agency’s interpretation is irrational, unreasonable, or inconsistent with the governing statute” (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d 27, 35 [2014] [citation omitted]; see Matter of Toys “R” Us v Silva, 89 NY2d 411, 418-419 [1996]). However, when a question is one of pure legal interpretation of statutory terms, deference to the agency is not required (see Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 102 [1997]). “In such instances, courts should construe clear and unambiguous statutory language [so] as to give effect to the plain meaning of the words used” (Matter of Better World Real Estate Group v New York City Dept. of Fin., 122 AD3d at 35; see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y., 91 NY2d 413, 419 [1998]).
 

 Here, the Supreme Court properly determined that the plain language of the subject ordinance required the County to pay the full cost of the plaintiffs’ health insurance premiums. Section 4.1 (a) of the ordinance provides that, “[f|or all employees hired prior to January 1, 2002, . . . the County shall pay the full cost of the health insurance premium,” but “[f]or all employees hired on or after January 1, 2002 and earning a salary greater than thirty thousand ($30,000.00) dollars the employee shall contribute” specified sums towards health insurance premiums. Section 5.2 of the ordinance provides that prior public service to the State and/or a municipal subdivision thereof “shall be deemed as service to the County for purposes of the benefits provided in this Ordinance,” and an employee “shall be deemed to have an initial employment date with the County as of the original employment with the State and/or municipal subdivision thereof.” After discussing how to credit prior public employment where there had been an interruption in public employment, the provision states: “All such prior public service to the State and/or a municipal subdivision thereof shall be considered as actual completed service to the County for purposes of this Ordinance and such . . . employee shall be deemed to have a initial employment date that reflects all prior public service form [sic] which appropriate benefits otherwise provided in this Ordinance shall be computed.” Contrary to the defendants’ contention, section 5.2 does not mandate consideration of an employee’s prior public service only for those benefits provided for in the ordinance which reference an employee’s “actual completed service” to the County. Rather, it also mandates such consideration in determining an employee’s “initial employment date” for the purposes of the benefits provided for in the ordinance. Acceptance of the defendants’ construction would render the provisions concerning an employee’s “initial employment date” superfluous. “ ‘[C]ourts must give effect to the wording of a statute without rejecting any words as superfluous, and must harmonize related provisions in a way that renders them compatible’ ” (Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d 46, 56 [2016], quoting Matter of Ebanks v Skyline NYC, LLC, 70 AD3d 943, 945 [2010]; see McKinney’s Cons Laws of NY, Book 1, Statutes §§ 98 [a]; 231; Kimmel v State of New York, 29 NY3d 386, 406-407 [2017]; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 587 [1998]).
 

 Here, in light of the plaintiffs’ prior public service, they all had effective “initial employment date[s]” with the County prior to January 1, 2002. Accordingly, the ordinance entitled them to have the County pay the full cost of their health insurance premiums, and the Supreme Court properly granted their motion for summary judgment on the declaratory judgment and breach of contract causes of action.
 

 With regard to the order entered December 24, 2015, the defendants’ motion, which was denominated as a motion for leave to renew their motion to dismiss the complaint, was not based on new facts or “a change in the law that would change the prior determination” (CPLR 2221 [e] [2]; see Fintzi v Riverdale Riding Corp., 32 AD3d 701, 702 [2006]; Amankwa v New York City Hous. Auth., 224 AD2d 262, 263 [1996]). Thus, the Supreme Court properly characterized the motion as, in actuality, one for leave to reargue, the denial of which is not appeal-able (see Liang v Yi Jing Tan, 140 AD3d 1029 [2016]; Matter of New S. Ins. Co. v Rosado, 125 AD3d 867 [2015]).
 

 Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the defendants are not authorized to require the plaintiffs to pay any portion of the cost of the health insurance coverage provided to them by the County (see Lanza v Wagner, 11 NY2d 317, 334 [1962]).
 

 Rivera, J.P., Hall, Roman and Christopher, JJ., concur.