New York State Dept. of Envtl. Conservation v Segreto (2019 NY Slip Op 01084)





New York State Dept. of Envtl. Conservation v Segreto


2019 NY Slip Op 01084


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-12284
 (Index No. 3699/11)

[*1]New York State Department of Environmental Conservation, et al., appellants, 
v
Anthony J. Segreto, respondent.


Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Andrew Rhys Davies of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, for judicial enforcement of an administrative order of the Commissioner of the New York State Department of Environmental Conservation dated February 1, 2008, and to recover civil penalties pursuant to Environmental Conservation Law § 71-2505, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated November 24, 2014. The order, insofar as appealed from, denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the fourth cause of action in the amended complaint, which sought to recover civil penalties pursuant to Environmental Conservation Law § 71-2505 for the defendant's violations of the Tidal Wetlands Act (ECL 25-0401) occurring after February 1, 2008, and to compel the defendant to submit a restoration plan addressing those violations.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the fourth cause of action in the amended complaint is granted, and the matter is remitted to the Supreme Court, Suffolk County, to determine the amount of statutory civil penalties to be imposed.
The defendant is the owner of real property located adjacent to a tidal inlet of the Great South Bay in the Town of Islip. In or around 2005, the New York State Department of Environmental Conservation (hereinafter the DEC) commenced an administrative proceeding against the defendant, alleging that he had engaged in certain activities on his property within a regulated adjacent area to a regulated tidal wetland, without the required permit from the DEC. The Commissioner of the DEC issued an administrative order dated February 1, 2008 (hereinafter the administrative order), finding that the defendant violated the Tidal Wetlands Act (ECL art 25) by clearing vegetation and placing fill in the subject area without a permit. The administrative order assessed a civil penalty of $20,000 against the defendant pursuant to ECL 71-2503 and directed him to submit a tidal wetlands restoration plan for approval.
In February 2011, the DEC and the Commissioner of the DEC (hereinafter together the plaintiffs) commenced this action in the Supreme Court, Suffolk County, inter alia, to enforce the administrative order, alleging that the defendant had failed to pay the civil penalty and failed to submit a restoration plan. In an amended complaint, the plaintiffs' fourth cause of action sought to recover civil penalties, inter alia, for the defendant's violations of the Tidal Wetlands Act occurring [*2]subsequent to the issuance of the administrative order. Additionally, the plaintiffs sought to compel the defendant to submit a restoration plan addressing the post-February 1, 2008, violations.
In May 2014, the defendant moved, inter alia, for permission to secure and shore up his property and to reinstate the property to its pre-Superstorm Sandy condition. The plaintiffs cross-moved for summary judgment on the amended complaint. In the order appealed from, the Supreme Court denied the defendant's motion in its entirety and granted those branches of the plaintiffs' motion which were for summary judgment on their first and second causes of action in the amended complaint, which sought relief related to the defendant's failure to comply with the administrative order. However, as relevant to this appeal, the court denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the fourth cause of action. The court determined that the plaintiffs had "failed to demonstrate that ECL 71-2503 authorizes a civil penalty to be assessed other than by the commissioner."
Initially, contrary to the Supreme Court's determination, the court was authorized to assess a civil penalty, and to award equitable relief, for violations of article 25 of the ECL. To interpret a statute, "[c]ourts must first look to a statute's plain language, as that represents the most compelling evidence of the Legislature's intent'" (Feinman v County of Nassau, 154 AD3d 739, 740, quoting Matter of Tompkins County Support Collections Unit v Chamberlin, 99 NY2d 328, 335). While ECL 71-2503 authorizes the commissioner to assess a civil penalty for violations of ECL article 25, ECL 71-2505 explicitly authorizes the attorney general "on [her or] his own initiative," to "prosecute persons who violate article twenty-five." That section further provides, in pertinent part, that "the attorney general, on [her or] his own initiative or at the request of the commissioner, shall have the right to recover a civil penalty . . . for every violation of any provision of such article, and to seek equitable relief to restrain any violation or threatened violation of such article and to require the restoration of any affected tidal wetland or area immediately adjacent thereto." Thus, the plain language of the statute reflects that the attorney general is authorized to seek civil penalties and equitable relief in state court in the absence of any prior administrative proceedings.
On their cross motion, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on the fourth cause of action in the amended complaint, which sought to recover civil penalties pursuant to ECL 71-2505 for the defendant's post-February 1, 2008, violations of the Tidal Wetlands Act, and to compel the defendant to submit a restoration plan addressing those violations. In support of their motion, the plaintiffs submitted evidence demonstrating, inter alia, that between 2011 and 2012, the defendant, without a permit, cleared wetland vegetation and placed fill, constructed a bulkhead in delineated state tidal wetlands and in the tidal creek, and installed a 900-foot long fence in tidal wetland adjacent areas in violation of ECL 25-0401 (see Matter of B. Manzo & Son v New York State Dept. of Envtl. Conservation, 285 AD2d 504, 505). In opposition, the defendant failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the fourth cause of action in the amended complaint. Therefore, we remit the matter to the Supreme Court, Suffolk County, for further proceedings to determine the appropriate amount of the civil penalties to be imposed for the subject violations (see Matter of B. Manzo & Son v New York State Dept. of Envtl. Conservation, 285 AD2d at 505).
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court