Villavicencio v Erie Ins. Co. (2019 NY Slip Op 04023)





Villavicencio v Erie Ins. Co.


2019 NY Slip Op 04023


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-00008
 (Index No. 51820/15)

[*1]Christina Villavicencio, respondent, 
v
Erie Insurance Company, appellant.


Hurwitz & Fine, P.C., Melville, NY (Joel R. Appelbaum of counsel), for appellant.
Goldstein & Goldstein, LLP, Poughkeepsie, NY (Paul J. Goldstein of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals from a judgment of the Supreme Court, Dutchess County (Christine A. Sproat, J.), dated December 13, 2017. The judgment, upon an order of the same court dated October 24, 2017, granting the plaintiff's motion for summary judgment on the complaint and denying the defendant's cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against the defendant in the principal sum of $116,876.99.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is denied, the defendant's cross motion for summary judgment dismissing the complaint is granted, the order dated October 24, 2017, is modified accordingly, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of an appropriate amended judgment.
On or about February 22, 2011, a fire broke out in an apartment building owned by Elliott's Apartments #1, LLC (hereinafter Elliott's Apartments). The plaintiff was a tenant of the apartment building. By summons and verified complaint filed October 18, 2013, the plaintiff commenced an action against Elliott's Apartments (hereinafter the underlying action), seeking damages for property loss that occurred as a result of the fire.
Elliott's Apartments failed to appear or answer in the underlying action, and the plaintiff moved for leave to enter a default judgment. By order dated July 10, 2014, the Supreme Court granted the plaintiff's motion.
Elliott's Apartments was insured by the defendant, Erie Insurance Company (hereinafter Erie). On July 16, 2014, Elliott's Apartments notified Erie of the underlying action by advising Erie that it had received copies of the plaintiff's motion for leave to enter a default judgment and the order granting the motion. On July 25, 2014, Erie denied coverage to Elliott's Apartments on the ground that Elliott's Apartments had been properly served with the summons and complaint, but failed to notify Erie of the underlying action until after the plaintiff's motion for a default judgment had been granted.
On February 17, 2015, a judgment in the total sum of $116,876.99 was entered in favor of the plaintiff and against Elliott's Apartments in the underlying action. On October 13, 2015, the plaintiff commenced this action against Erie, seeking to recover from Erie the amount of that unsatisfied judgment. The plaintiff thereafter moved for summary judgment on the complaint, arguing that Erie's disclaimer of coverage was invalid, since Erie suffered no prejudice from the allegedly untimely notice provided by Elliott's Apartments. Erie cross-moved for summary judgment dismissing the complaint, arguing that its disclaimer of coverage was valid, since it was entitled to an irrebuttable presumption of prejudice pursuant to Insurance Law § 3420(c)(2)(B).
By order dated October 24, 2017, the Supreme Court granted the plaintiff's motion and denied Erie's cross motion. A judgment in favor of the plaintiff and against Erie in the principal sum of $116,876.99 was entered on the order. Erie appeals from the judgment.
"It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used" (Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [citations omitted]; see Matter of Judge Rotenberg Educ. Ctr. v Maul, 91 NY2d 298, 303; Matter of Wise v Jennings, 290 AD2d 702, 703). Insurance Law § 3420(c)(2)(B) provides, in pertinent part, that "an irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction or by binding arbitration; or if the insured has resolved the claim or suit by settlement or other compromise."
Contrary to the Supreme Court's determination, an irrebuttable presumption of prejudice pursuant to Insurance Law § 3420(c)(2)(B) applied in this case. The default judgment entered against Elliott's Apartments in the underlying action has not been vacated. To the contrary, the plaintiff commenced this action seeking to recover from Erie the amount of that unsatisfied judgment. Thus, pursuant to the plain language of Insurance Law § 3420(c)(2)(B), the liability of Elliott's Apartments has been determined by a court of competent jurisdiction, and Erie is entitled to an irrebuttable presumption of prejudice (cf. Hernandez Castillo v Prince Plaza, LLC, 142 AD3d 1127, 1129).
Erie's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment and granted Erie's cross motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court