People v Buyund (2019 NY Slip Op 08207)





People v Buyund


2019 NY Slip Op 08207


Decided on November 13, 2019


Appellate Division, Second Department


LaSalle, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-04948
 (Ind. No. 4558/14)

[*1]The People of the State of New York, respondent,
v
Donovan Buyund, appellant.



APPEAL by the defendant from a judgment of the Supreme Court (Ruth Shillingford, J.), rendered April 1, 2016, in Kings County, convicting him of burglary in the first degree as a sexually motivated felony, upon his plea of guilty, and sentencing him, as a second felony offender, to a determinate term of imprisonment of 11 years followed by 10 years of postrelease supervision, and requiring him to register as a sex offender pursuant to the Sex Offender Registration Act.



Paul Skip Laisure, New York, NY (Patricia Pazner of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



LASALLE, J.


OPINION & ORDER
The main issue raised by the defendant on appeal is whether his conviction of burglary in the first degree as a sexually motivated felony is a registerable sex offense under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). Based upon the statutory language of Correction Law § 168-a(2)(a), we are constrained to answer this question in the negative.
I. Facts
On June 4, 2014, at approximately 11:15 p.m., the defendant entered the victim's apartment while she was asleep on the couch. The defendant exposed his penis, got on top of the victim, and placed his forearm on her chest and hand over her mouth, preventing her from breathing. The defendant threatened the victim and attempted to place his penis in her vagina and mouth. The victim fought with the defendant and attempted to run out of the apartment. The defendant and the victim struggled at the top of a flight of stairs, resulting in the victim falling down the stairs.
As a result of this incident, the defendant was charged under an indictment with burglary in the first degree as a sexually motivated felony (Penal Law §§ 140.30[2]; 130.91), burglary in the first degree (Penal Law § 140.30[2]), attempted rape in the first degree (Penal Law §§ 110.00, 130.35[1]), attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50[1]), burglary in the second degree as a sexually motivated felony (Penal Law §§ 140.25[2]; 130.91), burglary in the second degree (Penal Law § 140.25[2]), assault in the second degree as a sexually motivated felony (Penal Law §§ 120.05[2]; 130.91), assault in the second degree (Penal Law § 120.05[6]), and two counts of criminal obstruction of breathing or blood circulation (Penal Law § 121.11[a], [b]).
On March 3, 2016, the defendant pleaded guilty to burglary in the first degree as a sexually motivated felony, and the Supreme Court promised him a sentence of 11 years' imprisonment to be followed by 10 years of postrelease supervision, SORA registration, and an order of protection in favor of the victim. The remaining nine counts of the indictment were dismissed [*2]based upon the defendant's plea of guilty to count one. On April 1, 2016, the defendant was sentenced as promised. The defendant indicated that he understood his responsibilities under SORA, and the court certified the defendant a sex offender at sentencing.
The defendant now appeals to this Court, arguing that the Supreme Court erred in certifying him a sex offender, because a conviction of burglary in the first degree as a sexually motivated felony is not a registerable sex offense under SORA. The defendant also argues that the sentence imposed by the court was excessive.
II. Analysis
All "sex offenders" in New York State are required to register pursuant to SORA. A person is deemed a "sex offender" if they are convicted of a "sex offense" as defined in Correction Law § 168-a(2) or a "sexually violent offense" as defined in Correction Law § 168-a(3) (see Correction Law § 168-a[1]).
Effective April 13, 2007, the New York State Legislature enacted the Sex Offender Management and Treatment Act (hereinafter SOMTA) (L 2007, ch 7, as amended). The legislative findings made in section 10.01 of the Mental Hygiene Law provide the following:
"[t]hat recidivistic sex offenders pose a danger to society that should be addressed through comprehensive programs of treatment and management. Civil and criminal processes have distinct but overlapping goals, and both should be part of an integrated approach that is based on evolving scientific understanding, flexible enough to respond to current needs of individual offenders, and sufficient to provide meaningful treatment and to protect the public" (Mental Hygiene Law § 10.01[a]).
The purpose of SOMTA was to create "comprehensive reforms to enhance public safety by allowing the State to continue managing sex offenders upon the expiration of their criminal sentences, either by civilly confining the most dangerous recidivistic sex offenders, or by permitting strict and intensive parole supervision of offenders who pose a lesser risk of harm" (Governor's Program Bill Mem, Bill Jacket, L 2007, ch 7 at 5; see Senate Introducer's Mem in Support, Bill Jacket, L 2007, ch 7 at 19).
SOMTA enacted section 10.03(p) of the Mental Hygiene Law, which originally defined a sex offense as
"an act or acts constituting: (1) any felony defined in article one hundred thirty of the penal law, including a sexually motivated felony; (2) patronizing a prostitute in the first degree as defined in section 230.06 of the penal law, or incest in the second degree as defined in section 255.26 of the penal law, or incest in the first degree as defined in section 255.27 of the penal law; (3) a felony attempt or conspiracy to commit any of the foregoing offenses set forth in this subdivision; or (4) a designated felony, as defined in subdivision (f) of this section, if sexually motivated and committed prior to the effective date of this article."
Subdivision (f) of section 10.03 of the Mental Hygiene Law lists various felony offenses, many of which are not sexual in nature, and includes, as relevant to this appeal, "burglary in the first degree as defined in section 140.30."
At the same time that the Legislature enacted SOMTA, it also created a new crime under article 130 of the Penal Law entitled sexually motivated felony (Penal Law § 130.91, as added by L 2007, ch 7, § 29, as amended). A sexually motivated felony pursuant to Penal Law § 130.91 is defined in subdivision one as follows: "A person commits a sexually motivated felony when he or she commits a specified offense for the purpose, in whole or substantial part, of his or her own direct sexual gratification." In subdivision two of the statute, the "specified offense[s]" are listed and include crimes such as assault, arson, robbery, burglary, and murder, which previously were not statutory sex crimes that required registration under SORA. However, under Penal Law § 130.91, if any of the specified offenses are committed by an individual for their own sexual gratification, then the offense is considered a "sexually motivated felony." Thus, SOMTA "amend[ed] the list of registerable crimes [under SORA] so that a defendant convicted of a Sexually Motivated Felony [is] [*3]required to register [as a sex offender]" (Senate Introducer's Mem in Support, Bill Jacket, L 2007, ch 7 at 16).
After SOMTA was enacted, Correction Law § 168-a(2)(a) was amended to define a "sex offense" as follows:
"2. Sex offense' means: (a) (i) a conviction of or a conviction for an attempt to commit any of the provisions of sections 120.70, 130.20, 130.25, 130.30, 130.40, 130.45, 130.60, 230.34, 230.34-a, 250.50, 255.25, 255.26 and 255.27 or article two hundred sixty-three of the penal law, or section 135.05, 135.10, 135.20 or 135.25 of such law relating to kidnapping offenses, provided the victim of such kidnapping or related offense is less than seventeen years old and the offender is not the parent of the victim, or section 230.04, where the person patronized is in fact less than seventeen years of age, 230.05, 230.06, 230.11, 230.12, 230.13, subdivision two of section 230.30, section 230.32, 230.33, or 230.34 of the penal law, or section 230.25 of the penal law where the person prostituted is in fact less than seventeen years old, or (ii) a conviction of or a conviction for an attempt to commit any of the provisions of section 235.22 of the penal law, or (iii) a conviction of or a conviction for an attempt to commit any provisions of the foregoing sections committed or attempted as a hate crime defined in section 485.05 of the penal law or as a crime of terrorism defined in section 490.25 of such law or as a sexually motivated felony defined in section 130.91 of such law."
On appeal, the defendant argues that the Supreme Court erroneously certified him as a sex offender subject to SORA because his conviction of burglary in the first degree as a sexually motivated felony is not a registerable sex offense under Correction Law § 168-a(2)(a). In support of his argument, the defendant relies upon the following language from the statute:
"2. Sex offense' means: (a) . . . (iii) a conviction of or a conviction for an attempt to commit any provisions of the foregoing sections committed or attempted as a hate crime defined in section 485.05 of the penal law or as a crime of terrorism defined in section 490.25 of such law or as a sexually motivated felony defined in section 130.91 of such law."
The defendant argues that the plain meaning of the statute is that the only sexually motivated felonies under Penal law § 130.91 which are registerable under SORA are "a conviction of or a conviction for an attempt to commit any provisions of the foregoing sections," those being convictions for crimes specifically enumerated in subparagraphs (i) and (ii) of Correction Law § 168-a(2)(a). Since burglary in the first degree under Penal Law § 140.30 is not one of the Penal Law sections listed in subparaghraphs (i) and (ii) of Correction Law § 168-a(2)(a), the defendant argues that he was not convicted of a sex offense under SORA and cannot be required to register as a sex offender.
The People counter that the defendant's argument is unpreserved for appellate review and, in any event, without merit because sexually motivated felonies are, in effect, their own category of registerable sex offenses. We note that the People do not contend that the defendant's waiver of the right to appeal precludes him from appealing his certification as a sex offender, and, indeed, the defendant's certification as a sex offender "is appealable and reviewable as part of the judgment of conviction" (People v Hernandez, 93 NY2d 261, 267).
The People contend that while the phrasing of Correction Law § 168-a(2)(a)(iii) is "awkward" and would have been clearer if an additional subparagraph numbered (iv) had been inserted before the words "as a sexually motivated felony," the phrasing still does not support the defendant's position that he is not required to register under SORA. The People further argue that the defendant's proposed interpretation of the statute is illogical and would effectively nullify the effect of the sexually motivated felony statute.
The nisi prius courts in New York have addressed this issue with differing conclusions. In People v Hernandez (61 Misc 3d 534 [Sup Ct, Kings County]), the defendant was also convicted of burglary in the first degree as a sexually motivated felony, and upon being [*4]sentenced, he was certified a sex offender pursuant to Correction Law § 168-d(1)(a). Thereafter, the defendant moved pursuant to Criminal Procedure Law § 440.20(1) to vacate that portion of his sentence which certified him as a sex offender, arguing that burglary in the first degree as a sexually motivated felony is not among the crimes designated as registerable sex offenses under the Correction Law, and thus, he was not required to register under SORA. The Supreme Court denied the defendant's motion. The court reasoned that while it was "ever cognizant of its obligation to construe criminal statutes narrowly, it must in this case show meaningful deference to the intention of the legislature" (People v Hernandez, 61 Misc 3d at 538). The court found that the amended language of Correction Law § 168-a(2)(a) is "a stand-alone clause, self sufficient, self executing, and independent of the qualifying reference to foregoing sections'" (People v Hernandez, 61 Misc 3d at 538). The court reasoned that the
"commission of any of the sexually motivated felonies listed in Penal law § 130.91, unlike the commission of a hate crime or a crime of terror, is motivated by the desire for sexual gratification, and therefore should be construed as self executing, whose meaning does not stand in relationship to the foregoing sections'" (id. at 539 [emphasis omitted]).
The court found that "[c]onsistent with the legislative intent, and a sensible reading of Correction Law § 168-a(2)(a)(iii), those convicted of sexually motivated felonies are required to register under SORA" (id. at 541).
In People v Lawrence (56 Misc 3d 752 [Sup Ct, NY County]), the defendant was convicted of attempted robbery in the second degree as a sexually motivated felony and sentenced to a determinate term of imprisonment of three years to be followed by five years of postrelease supervision. Before the defendant's release from state prison, he moved to preclude the pending SORA risk level determination hearing, contending that the crime for which he was convicted did not constitute a sex offense for which registration under SORA was required. The Supreme Court granted the defendant's motion. The court reasoned that although the purpose of SOMTA was to "cast a wider net and expand the number of sex offenders required to register under SORA, a careful reading of the amended statute reveals SOMTA may have missed its intended mark" (id. at 754). The court found that
"[t]he absence of a critical grammatical signpost, a parenthetical number preceding as a sexually motivated felony,' seemingly limits the qualifying sexually motivated felony offenses only to those enumerated in subparagraphs (i) and (ii). By omitting a (iv)' before the term sexually motivated felony' in SORA, the term appears to be modified by the foregoing sections,' thus excluding attempted robbery in the second degree (among other sexually motivated offenses) from the registration requirements under the statute—not likely the result the legislature intended, as many of the offenses enumerated in subparagraphs (i) and (ii) are sex offenses and already registerable" (id. at 754-755).
The court concluded that, "[w]hile the legislature seemingly intended to require registration for all sexually motivated felonies, that is simply not what the language of the amended statute conveys" (id. at 755).
In interpreting statutes, courts look first to the statutory text as the clearest indicator of legislative intent (see Matter of Anonymous v Molik, 32 NY3d 30; Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712; Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577; Saul v Cahan, 153 AD3d 951). Where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning (see State of New York v Patricia II, 6 NY3d 160, 162; Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208; Feinman v County of Nassau, 154 AD3d 739, 741; Hernandez Castillo v Prince Plaza, LLC, 142 AD3d 1127, 1129).
"In construing statutes, it is a well-established rule that resort must be had to the natural signification of the words employed, and if they [*5]have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning" (Tompkins v Hunter, 149 NY 117, 122-123; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d at 583; Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98).
Here, when looking first at the statutory text of Correction Law § 168-a(2)(a), we find that the language employed is clear and unambiguous. As written, subparagraph (iii) of section 168-a(2)(a) specifically defines a sex offense as "a conviction of or a conviction for an attempt to commit any provisions of the foregoing sections committed or attempted . . . as a sexually motivated felony defined in section 130.91 of such law." Thus, as the defendant contends, according to the language of the statute as amended, burglary in the first degree as a sexually motivated felony is not a registerable sex offense under SORA. While this may not have been the intent of the Legislature, the omission of a critical grammatical signpost or a parenthetical number preceding "as a sexually motivated felony" clearly limits the qualifying sexually motivated felony offenses only to those enumerated in subparagraphs (i) and (ii) (see People v Lawrence, 56 Misc 3d at 755). "The maxim expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (McKinney's Cons Laws of NY, Book 1, Statutes § 240; see Golden v Koch, 49 NY2d 690, 694). Here, there is an irrefutable inference based upon the language of Correction Law § 168-a(2)(a) as amended that the omission of certain sexually motivated felony offenses was intentional, and we are constrained to give effect to the plain meaning of the statute as written.
The People's suggested interpretation would broaden the scope of the statute to include all sexually motivated felony offenses as registerable under SORA. Had the Legislature intended this result, it could have clearly said so (see Patrolmen's Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d at 208; Feinman v County of Nassau, 154 AD3d at 741; Hernandez Castillo v Prince Plaza, LLC, 142 AD3d at 1129). " [A] court cannot amend a statute by inserting words that are not there, nor will [the] court read into a statute a provision which the Legislature did not see fit to enact'" (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 363). "[W]e decline to rewrite the statute to add language that the Legislature did not see fit to include" (Henry Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church of City of N.Y., 68 NY2d 456, 463). "It is a basic rule in the construction and interpretation of statutes that the courts should avoid judicial legislation" (Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 28; see McKinney's Cons Laws of NY, Book 1, Statutes § 73). "[T]he judicial function is to interpret, declare, and enforce the law, not to make it, and it is not for the courts to correct supposed errors, omissions or defects in legislation" (McKinney's Cons Laws of NY, Book 1, Statutes § 73, Comment [footnote omitted]). While it may have been the intent of the Legislature to require those individuals convicted of all the specified offenses under Penal Law § 130.91(2) to register under SORA, the language of Correction Law § 168-a(2)(a) as amended did not effectuate that intent.
Contrary to the People's contention, the defendant's argument is not subject to the preservation requirement. "[A] challenge to an unlawful sentence falls outside the preservation rule" (People v Samms, 95 NY2d 52, 56). Here, as part of the plea negotiation and sentencing, the Supreme Court required the defendant to comply with SORA requirements, and at his sentencing the court certified the defendant a sex offender. Since the defendant was convicted of an offense which did not require registration under SORA, this violated his right to be sentenced as provided by law (see People v Fuller, 57 NY2d 152, 156). Thus, the defendant was not required to preserve this argument for appellate review.
The defendant argues that his sentence of 11 years' imprisonment for his conviction of burglary in the first degree as a sexually motivated felony was excessive given his challenging upbringing and his potential to contribute to society. He further contends that his waiver of the right to appeal was invalid because the Supreme Court's discussion of the appeal waiver was deficient, thus permitting this Court to consider his excessive sentence argument. The People counter that the defendant's waiver of the right to appeal was valid and that his sentence was not excessive.
"[A] waiver of the right to appeal is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily" (People v Bradshaw, 18 NY3d 257, 264 [internal quotation marks omitted]; see People v Lopez, 6 NY3d 248, 256; People v Calvi, 89 NY2d 868, 871; People v Callahan, 80 NY2d 273, 280). An appeal waiver meets this standard when a defendant has "a full appreciation of the consequences" of such waiver (People v Seaberg, 74 NY2d 1, 11; see People v Elmer, 19 NY3d 501, 510; People v Brown, 122 AD3d 133, 136). It is the obligation of the trial court to " make certain that [the] defendant's understanding' of the waiver . . . is evident on the face of the record'" (People v Bradshaw, 18 NY3d at 265, quoting People v Lopez, 6 NY3d at 256).
Here, we find that the Supreme Court's on-the-record discussion with the defendant regarding the waiver of his right to appeal was sufficient to ensure the defendant's understanding of the rights he was waiving, and that the defendant's waiver of the right to appeal was knowing, voluntary, and intelligent. The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255; People v Stanley, 99 AD3d 955).
Accordingly, the judgment is modified, on the law, by vacating so much of the sentence as required the defendant to register as a sex offender pursuant to the Sex Offender Registration Act and to pay the $50 sex offender registration fee; as so modified, the judgment is affirmed.
SCHEINKMAN, P.J., DILLON and MALTESE, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating so much of the sentence as required the defendant to register as a sex offender pursuant to the Sex Offender Registration Act and to pay the $50 sex offender registration fee; as so modified, the judgment is affirmed.
ENTER:
Aprilanne Agostino
Clerk of the Court